IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In Re:<br><br>Amanda Jean Thomas,<br><br>_____Debtor._____<br><br>Amanda Jean Thomas,<br><br>            Movant<br>V.<br>(none)<br>            No Respondent. | §§§§§§§§§§§§§§§§§§§§§§§§§§ | **BANKRUPTCY NO: 18-21424-GLT**<br><br>**CHAPTER 7**<br><br>**RELATED DOCKET NO. 5**<br><br>**MOTION TO RECONSIDER ORDER DENYING APPLICATION TO WAIVE CHAPTER 7 FILING FEE**<br><br><br>Filed on behalf of:<br>Amanda Jean Thomas,<br>Debtor.<br><br>Counsel of Record: *Pro Se*<br><br>Address for Service:<br><br>303 Lake Front Rd.<br>P.O. Box 157<br>Perryopolis, PA 15473<br>Phone: (412) 913-0337 |

FILED
2018 MAY 14 P 2:32
CLERK
U.S. BANKRUPTCY COURT
PITTSBURGH

Page 1 of 6

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In Re:<br><br>　　Amanda Jean Thomas,<br><br>　　　　　　　　　Debtor.<br><br>Amanda Jean Thomas,<br><br>　　　　　　Movant<br><br>V.<br><br>(none)<br>　　　　　　No Respondent. | §§§§§§§§§§§§§§§ | BANKRUPTCY NO: 18-21424-GLT<br><br>CHAPTER 7<br><br>RELATED DOCKET NO. 5 |

### MOTION TO RECONSIDER ORDER DENYING APPLICATION TO WAIVE CHAPTER 7 FILING FEE

Debtor, Amanda Jean Thomas, *pro se*, respectfully moves this Court to reconsider its order denying Debtor's Application to Waive the Chapter 7 Filing Fee and in support thereof avers as follows:

1. Debtor filed this Chapter 7 bankruptcy case *pro se* on April 12, 2018 in order to discharge an insurmountable and growing amount of unsecured debt, fees, and judgments.

2. Concurrently with her Chapter 7 Petition, Debtor filed Official Form 103B, *Application to Have the Chapter 7 Filing Fee Waived.*

3. Debtor is currently unemployed and has not earned any income whatsoever from any source in 2018. Debtor has relied solely on family support to provide for her basic needs.

4. Under 28 U.S.C. §§ 1930(f)(1-3), the district court or bankruptcy court may waive the chapter 7 filing fee for an individual debtor who:

    a. has income less than 150 percent of the income official poverty line applicable to a

      family of the size involved; and

      b. is unable to pay that fee in installments.

5. On Schedule I, Debtor listed her income as $1300.00 per month. $300 of this income was listed as originating from Debtor's self-employment doing promotions. However, Debtor has not done any promotions in 2018 and has received no income from this.

6. The remaining $1000 of income was listed as originating from Debtor's family. Debtor wishes to clarify that this money is not all discretionary, liquid spending money. Debtor's family has assumed paying her mortgage payment of $617.00. This portion of Debtor's "income" is unusable by Debtor and paid directly to Debtor's mortgage by her family which lives in at the same residence.

7. These payments are being made by Debtor's family for the family's own interests, i.e. to avoid the house they live in being foreclosed upon, not as a gift to Debtor. Debtor is unable to access this money and redirect it towards Court filing fees or other purposes.

8. The remaining $383.00 is the only liquid spending money she has for the *entire month.*

9. Debtor's ongoing and recurrent health issues (see attached Exhibits) have caused her to make multiple trips to Pittsburgh for cancer screening, diagnosis, surgery, and treatment. Debtor has and will continue to incur expenses for medical bills, costs of transportation to appointments, surgery convalescence, and other non-discretionary expenses related to her cancer surgery and future surgeries. Specifically:

      a. Debtor's last surgery was April 13th. Future surgeries are likely required to eliminate any residual cancer from her body and to correct other issues.

10. Debtor has been unable to work as a result of her surgery. As previously mentioned, future surgeries are likely in the near future as well. Debtor is likely to be incapacitated and unable

to work for a considerable period of time after her future surgeries, making any prospects of employment dismal.

11. The most recent Health and Human Services Federal Poverty Guidelines designate $12,140 as the federal poverty limit for a household of 1 person. 150 percent of the applicable Federal Poverty Guideline would be $18,210 per year.

12. Debtor's actual income is substantially below 150 percent of the applicable Federal Poverty Guidelines, as stated, Debtor's monthly cash receipts from her family are $383.

13. Due to Debtor's ongoing, recurrent, and debilitating disabilities, as well as family problems and obligations, Debtor has never worked a full-time or part-time job. Debtor has only recently (in 2017) been employed sporadically doing promotional campaigns for approximately $300 per month, however Debtor has received no income this year.

14. Debtor declares that she is unable to obtain funds from anyone, including her family and associates, to pay her bankruptcy filing fees.

15. This Court filed an *Order* April 27, 2018 deny Debtor's request to waive the filing fee and ordering payments in installments. The first such payment is scheduled for May 14, 2018.

16. Debtor is unable to make this payment and will have extreme difficulty obtaining $335.00 to pay the bankruptcy filing fee during the course of this proceeding.

17. Debtor qualifies under the income guidelines for filing fee waiver and is unable to pay the filing fee in installments.

18. Debtor therefore requests this Court issue the attached proposed Order waiving her filing fees or scheduling an evidentiary hearing regarding her filing fee waiver.

Respectfully Submitted,

_____
Amanda Jean Thomas, Debtor